All right. Hello, everyone. We are on our case 21-2107. And it is Steve Stevenson v. Windmoeller & Hoelscher Corporation. And I guess it's Mr. Tasek, right? Am I saying it properly? Yes, that's fine. Good morning and may it please the court. My name is Zoki Tasek with the firm Wexler Boley & Elgersma, and I represent Plaintiff Appellant Steve Stevenson. In this design defect case, Mr. Stevenson moved under federal rule of evidence 706 for the appointment of a neutral expert who could assist the judge and the jury in evaluating the design of the PrimaFlex printing machine that caused his injury. The district judge denied Mr. Stevenson's motion but said that the court would revisit the issue at summary judgment if it determined that it needed a neutral expert to help evaluate the evidence. At summary judgment then, the district court concluded that expert testimony was needed to evaluate the evidence because the PrimaFlex machine is not a product that lay jurors commonly see or use. But the judge never revisited the issue of appointing an expert as he said he would. Instead, the judge entered summary judgment against Mr. Stevenson on the basis that expert testimony was lacking. Mr. Tasek, it seems to me that you're seeking to reuse rule 706 for the court to appoint an expert to help your client prove his case. Is there any support for that type of use of rule 706? Your Honor, we disagree that that is what we were trying to do. We were asking for a neutral expert. We would have accepted whatever that expert said, obviously subject to cross-examination. We were not saying, and we made that very clear to the judge. What should the standard be for 706? 706 is used rarely, and it's often used when there are experts on both sides and the court wants an independent evaluation, rather than where there are no experts and the court is asking for an evaluation to see if the plaintiff can prove his case, which is essentially what you're doing here. So what should the standard be if there are no experts and the plaintiff can't prove his case? Why should the court appoint under 706 a neutral expert that the parties are going to have to pay for to help your client prove his case? It doesn't seem like the purpose of the rule. Well, the purpose of the rule, as I understand it and as we argue, is to assist the judge and the finder of fact in understanding evidence that is too technical for them to be able to understand by themselves. In this instance, we had evidence that had an expert testified. The expert would have been able to say, yes, this alternative design evidence shows that alternative design was actually feasible, or it was not. So what should the standard be then, Mr. Tasik? If we say that the court abused its discretion here, every time a plaintiff comes in and doesn't have an expert, they're going to start asking the court to appoint one under Rule 706. So what kind of standard should be given for when the court should or when the court shouldn't appoint one? That's going to open it up for every pro se plaintiff in particular. Thank you, Judge. So just to clarify, the standard, and I think it's been said in many different decisions, is whether the expert testimony would assist the judge or the trier of fact to understand technical issues that would help. But why isn't that going to open it up for every, let's take an example, pro se, Eighth Amendment, deliberate indifference, medical issue claim that comes before the court, where you need some type of medical evidence to prove causation? So, again, just to clarify here, the judge here, our issue with what the judge did isn't necessarily that the judge said, no, you can't have a neutral expert. If the judge had said, you can't have a neutral expert and give an explanation as to why the judge thought a neutral expert wouldn't be helpful to him, that would have been fine. But what happened here was a very different situation. We understand what happened. Could you answer Judge St. Eve's question? Because I have it as well. So if I understand the question correctly. The standard is a district court required to apply such that we would say it was an abuse of discretion to not require the defense to pay for an expert whom the plaintiff needs to prove his case. Okay, so the standard that I've said so far is the first aspect of it. Would it assist the judge or the trier of fact? That could apply to every case. I know you're reading that from the rule, but that standard could apply to every case where the plaintiff needs an expert to prove his case. So there has to be something more than courts should appoint experts in every case where there's a plaintiff who needs an expert but can't afford one. Yes, I understand that, Judge. So what's that extra so we don't open floodgates? Well, I think one thing I would direct the court to is the decision we cite. I think it's Norwood from the Northern District of Illinois in 2013. And I think that decision provides a look at how this can be handled in a way that the judge does have discretion but does not get into this issue of just because an expert may be helpful to you, that's a reason enough for me to not use Rule 706. Mr. Chasage, I must add another problem because there was a route for Mr. Stevenson payment for his own expert from the district court fund. I take your point that an expert, you know, likely would have cost more than $5,000. And I suppose it's possible that Judge Blakey wouldn't have authorized payment in excess of that amount. But unless an attempt was made to ask for compensation from the court, why do you think we should presume that this wasn't an adequate means of ensuring that an expert was available to Mr. Stevenson? I think in a general case, that would be fair. I think in the circumstances here, I don't think that's fair. And I think the reason is all the steps that led up to this. When we first asked to have a neutral expert, Windmuller said, no, you don't need an expert at all. No experts. We can resolve this without an expert. The judge then said, okay, I'll review what you say after I see their summary judgment motion. If at that time you still think you need an expert, I'll look at it again. And then in the summary judgment motion, there was no mention whatsoever of they need an expert. We're moving for summary judgment because they do not have an expert, et cetera. We still felt that, okay, they're not making that argument, but we want to be sure. So we filed then another motion. And the judge again said, that was when the judge essentially said, no, you're asking for an expert advocate, not a neutral expert. And said, yeah, you can resort to this other thing. But then immediately entered an order giving us a month to respond to summary judgment. Now, technically, yes, of course, we could have asked for all sorts of other things. In the procedural posture here, we had to make a decision, and the judge had previously been extremely hostile to any kind of extensions. And given that the issue of not having an expert was not even an argument that the defendants raised, it seemed as if the judge, having seen the defendant's argument already, was basically saying, I don't think you need an expert. So, yes, I agree. In the general case, there is a procedure that could be followed. But here it's very important to look at the sequence. And I see I'm out of time. Could I ask a couple of quick questions? Did the plaintiff seek any medical treatment at the time of his injury? Yes. I believe it was shortly thereafter, and he ultimately got an outpatient surgery on his left shoulder. Was it the same day? Was it the same week for the initial medical attention? I believe the first exam, the first time he saw a doctor, was within a couple of weeks, but I'm not 100% sure. Did he seek and receive workers' compensation? Yes. Okay. Thank you. Thank you. All right. All right. Thank you so much, Mr. Chasich. All right. Now, Ms. Weiler. Good morning, Your Honors. Counsel, may it please the Court, my name is Catherine Weiler. I represent Defendant Wynn Mueller in this matter. Judge Stainey, if I may, I'd like to go back to your question, which I think is the fundamental question here. It's two components. What exactly is the standard this Court needs to look at under Rule 706? And did the district court properly do that here? I think the answer to the first one, I agree, is a little murky in only the following sense. There is not a specific standard identified in the case law. We acknowledge that. And unusually for me, the best place to look was Wright and Miller. And perhaps I shouldn't concede that, but it's true. I'm not always facile with Wright and Miller. But Wright and Miller does discuss exactly this at Section 6304. And Wright and Miller actually does suggest a standard. And the standard they suggested there is, in cases involving complex matters, the courts usually decline to appoint an expert if they can rely on the party's experts to educate the trier of fact. Now, that's important for a couple of reasons. I recognize that in this situation we're talking about the problem of the parties not having an expert. But to address the first piece of this, the idea that the courts usually decline to appoint an expert if they can rely on the party's experts to educate the court. That is the standard this court can look to under Rule 706. And the reason that's important in this context, as the court considers this case, is exactly, Judge Rovner, what you were just discussing. That there is another avenue, and was another avenue, in this case, through which the plaintiff could obtain an expert who could educate the trier of fact, or at least seek to obtain an expert. That's Local Rule 83.40. We don't know whether the plaintiff would have been given leave to do that. But if we don't have that answer, there is nothing for this court to review in the context of, did the district court abuse its discretion by not allowing that opportunity to the plaintiff? And that's another point that's important based on what we were just discussing, the sequence of events in this particular case. Plaintiff's counsel is correct. They requested that they be appointed an expert. Now, they requested it under Rule 706. They were denied that leave. But the district court made clear, re-raise your motion. If there is a reason, if there is a particular reason that you think it's important that the district court consider appointing an expert under 706, re-raise the question. The defendant filed our motion for summary judgment. The defendant argued at length that actually expert testimony was unnecessary because the injury resulted from a post-sale modification. And then plaintiff re-raised their motion seeking appointment of an expert again. Now, this is where plaintiff's counsel suggests today they had no reason to think that they would be granted any relief if they pursued relief under the Local Rule. But if the court looks at Document 80, that's the order, that's the document referencing the order that the district court entered. The district court is actually who raises the possibility of the appointment of an expert, an advocate expert, the type of testimony that the plaintiff was looking for, and the type of information that would satisfy, speak to the standard you were discussing, Judge Saini. The district court suggested counsel can seek reimbursement for reasonable expert witness fees and expenses using the procedures spelled out in the Local Rules and provided the Local Rule citation. I recognize that we don't know what the district court would have decided had there been a request, but that certainly does seem to be an invitation to avail oneself of that possible avenue of relief. And that invitation was declined for whatever reason. There are many reasons that decision may have been made. Nonetheless, now this court is faced with looking at the possibility of attempting to create a standard under Rule 706, which could create its own policy problem going forward in cases as you were discussing, Judge Saini. Why wouldn't every pro se or pro bono litigant in every case in which expert testimony may be an issue, whether required or only tangential, why would every single pro se or pro bono litigant seek appointment of an expert under Rule 706 if that is the standard provided? I see no reason why that would not be the problem. Ms. Weiler, can I ask you, it sounds like what you're telling us may suggest that the district judge granted summary judgment on a ground not argued in the motion. The district judge granted summary judgment for multiple reasons, Judge Hamilton. The first was that the district judge noted that in a product liability case both strict products and in negligence, because this was a complex piece of equipment, expert testimony is generally needed to establish a prima facie case. But the district court proceeded to evaluate the case to say, even without that expert testimony, even without evidence from an expert, the district court still found it appropriate to grant summary judgment in this particular case. And on what basis other than the absence of expert testimony to support plaintiff's theory? The district court discussed the evidence that was provided, particularly related to whether the product was unreasonably dangerous. And there was very little evidence presented over the course of discovery in this matter related to the allegedly unreasonably dangerous condition of the product at the time the product left the defendant's control. The only evidence provided, and the court, I realize, is familiar with the risk utility test, the non-exhaustive list of factors that the court looks at in evaluating that. And Judge Hamilton, if I may, because it's important, there are very roughly five categories, for example, of types of evidence that can be presented. Only one of those was at issue before the district court. That was the availability and feasibility of alternate designs that existed at the time of the product's manufacture. That was the only topic on which there was any argument related to whether or not the product was unreasonably dangerous. And there was a little bit of discussion about that earlier. That's where the parties discussed there were three different types of presses, of these large printing presses manufactured by Windmuller, that were discussed in the briefing. Plaintiff tried to argue that those particular three different products demonstrated that there were alternative design options available. The district court evaluates all of those. I'm happy to walk the court through those here. But the bottom line for the district court was, none of those proposed alternative design features would have been feasible at the time this particular press, the Primaflex, was manufactured. Or one of them, this case involves an operator pendant that's attached to the machine by a cord. One of the arguments the plaintiff made was that the cord created an unreasonably dangerous decision and suggested that a retractable cord would make that a non-issue. Actually, the manufacturer in this case had manufactured the press with a retractable cord during the 90s. That's the Astroflex that plaintiff points to evidence about. But the evidence additionally showed it was found by the manufacturer that that was not a design feature that works consistently and would not have overcome any issue related to this product. Excuse me, but I find it hard to imagine prevailing on an alternative design theory without expert testimony. That may be true, Your Honor. The problem here is that the plaintiff did not make every effort to obtain that expert. And that's the fundamental, that's sort of the nub of why Local Rule 83.4. Well, I'm circling back basically to the problem of your having told the district judge no expert is needed here, which I guess kind of reminds me of, you know, please don't throw me in that briar patch where I'm wrapping.  Your Honor, I can't explain that argument, but I want the court to finish its question. Please, go ahead. So the argument made by Wynn-Muller in briefing on summary judgment, and Wynn-Muller makes the same argument before this court as an alternative basis on which this court should affirm the grant of summary judgment, is this matter involved actually a post-sale modification. I get that. I understand that completely. But I don't see the district judge ruling on that basis. I don't believe the district court did rule on that basis, Your Honor, if the court were to evaluate. We were dealing with a de novo standard. What argument did you raise in your motion that the district judge agreed with? The district court agreed that the, sorry, Your Honor, I'm thinking through how the briefing went in. The Wynn-Muller explained to the district court, along with that post-sale modification, explained the context for these alternative designs. I believe that was discussed in the summary judgment briefing. I don't want to mislead the court. If the court goes back and that's not there, I believe that's there, but I'm not absolutely positive about that. The court did talk about them, and he probably didn't make it up on his own. Okay. Thank you. All right. Your Honors, I see that my time is up. Unless the court has additional questions, we ask that the court affirm the district court's summary judgment. Thank you. Thank you, Ms. Pilar. Mr. Kasich, we're going to give you the three minutes you requested, please. You can begin if you would. Thank you. Sorry, I had trouble unmuting my microphone. Oh, yeah. Thank you so much, Judge. I just want to make three quick points. The first one is to address the issue that was, I believe, first raised by Judge St. Eve of what should the rule be. I believe I agree with opposing counsel that the rule isn't really clear. I would say this case does not require the articulation of a broad rule that can be applied in every instance. I think this can be a decision that's narrow, and I think as we said in our reply brief, the problem in this case is more there's sort of a gotcha quality to the way that the defendants litigated this and ultimately to the way that the judge said, okay, yes, I'll consider an expert. I just need to see what the motion is about. Oh, it isn't about an expert. Sure, if you want an expert, fine. You can do this other thing. And then the decision is based on an expert. Now, the second issue I just wanted to make clear, the defendants never argued at summary judgment anything about an expert not being necessary. That was implicit in their motion, but they never even used the word expert. That does not show up. There is no argument at summary judgment at all that the case, that summary judgment is proper because plaintiff is lacking an expert. The only argument at summary judgment that Windmuller raised was that the material modification argument, the fact that the ladder was shifted from the right side of the door to the Mr. Stevenson's injury. And the third thing I just wanted to say, the third and final thing is going back to what Judge Hamilton said, and this is a point we raised in our brief as well. Yes, the judge said nominally, okay, I'm not just basing this decision on the fact that you don't have an expert. I have these other independent grounds. But when you look at them, they're not independent. They require an assessment of was an alternative design feasible. The judge is not qualified to make that assessment without having expert evidence. So even that, nominally, yes, the judge said this is an alternative reason, but it was not. I see I'm out of time. For the reasons stated today and in our briefs, we would respectfully request that the court vacate summary judgment and remand this case for further proceedings. Thank you. Thank you so much, Mr. Kasich. And thank you so much for taking this case, Pro Bono, and for the work you've done. Thank you. Thank you, Judge. And thank you, of course, as well, Ms. Fowler. And everyone take care of themselves, and we'll take the case under advisement.